UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GUY,<br><br>    Plaintiff,<br><br>    v.<br><br>E DOERING, et al.,<br><br>    Defendants. | Case No. 18-cv-07507-JD<br><br>**ORDER RE DISCOVERY** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He filed a letter with the Court discussing difficulties in obtaining discovery.

Plaintiff is advised that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have the resources to oversee all discovery, and so requires that the parties present to it only their very specific disagreements.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or

exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. If defendants will not provide the requested discovery, plaintiff should send them a letter stating that he intends to pursue a motion to compel. The letter should state the specific discovery he seeks, and state the reasons that plaintiff believes he is entitled to such discovery.

The record does not indicate that these steps were taken here. Plaintiff is advised to follow the procedures discussed above. If plaintiff cannot reach an outcome that he believes is appropriate after that, he may file a letter explaining the issues.

**IT IS SO ORDERED.**

Dated: July 10, 2020

JAMES DONATO
United States District Judge